IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3326-D

| | | |
|---|---|---|
| CHRISTOPHER J. EADS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

On December 18, 2025, Christopher J. Eads ("Eads" or "plaintiff"), a federal inmate proceeding pro se, filed a verified complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 1]. Eads paid the filing fee. Eads moves for the United States Marshal Service to make service [D.E. 2]. As explained below, the court reviews the complaint under 28 U.S.C. § 1915A and allows the action to proceed.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). This principle applies "even if the plaintiff is not proceeding in forma pauperis and has paid the full [filing] fee." Johnson v. Hill, 965 F. Supp. 1487, 1488 (E.D. Va. 1997) (emphasis in original); see 28 U.S.C. § 1915A(a); In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).

A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams

v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations and citation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Eads's claims arose at the Federal Correctional Institution in Butner, North Carolina. See Compl. [D.E. 1] 1–15. Eads raises seven negligence claims arising from a slip and fall accident. See id. Eads seeks declaratory relief and monetary damages. See id.

It does not clearly appear from the face of the complaint that Eads is not entitled to relief. Thus, the action is allowed to proceed.

In sum, the court ALLOWS the action to proceed. The court DIRECTS the clerk to continue management of the case, including issuance of summonses. The court GRANTS plaintiff's motion for the United States Marshal Service to make service [D.E. 2].

SO ORDERED. This 23 day of April, 2026.

JAMES C. DEVER III
United States District Judge

2